**MIDDLETON v. WILEY et al.**

**No. 6469.**

United States District Court
W. D. Missouri, W. D.

July 6, 1951.

Nelson E. Johnson, Kansas City, Mo., for plaintiff.

Sprinkle, Knowles & Carter and Paul C. Sprinkle, all of Kansas City, Mo., for defendant Wiley.

No representation for remaining defendants who are in default.

DUNCAN, District Judge.

The plaintiff, a resident of Jackson County, Missouri, instituted this suit against the defendants, also residents of Jackson County, Missouri, to enjoin the defendants from further infringement of a patent owned by him, and for an accounting for profits, damages and attorney's fees.

Plaintiff is the owner of Patent No. 2,-129,778, dated September 13, 1938, for a device designed for cooling draught beer. The defendant Sylvia Conway Wiley is the owner of a building located at 10910 Truman Road, in Jackson County, Missouri, and during the times involved in this controversy, said building was being used in the operation of a tavern.

On December 12, 1947, the plaintiff entered into an agreement with Ray C. Stewart for the installation of one of plaintiff's devices in the building at the address aforesaid, which at that time was being operated as a tavern under a lease or rental agreement with the defendant Sylvia Conway Wiley.

Under the terms of the agreement, the plaintiff rented the equipment to Stewart for a period of sixty months, and Stewart

agreed to pay therefor the sum of 75¢ per calendar day.

At the time the equipment was installed by the plaintiff, he removed from the tavern the old equipment which is described in the contract as "old refrigeration coils and beer faucets and refrigeration machine." It is recited in the contract that this material shall become the property of the first party (Middleton).

After the installation of the equipment, Stewart operated the tavern only about thirty days, and possession was taken over by defendant Wiley. For a short time after Stewart ceased to operate the tavern, it remained closed, and then the defendant Wiley entered into an arrangement with the defendants Beauchamp to operate the tavern on a commission basis, she to receive a certain percentage of the profits. They likewise operated the tavern for a comparatively short period, and it was again taken over by defendant Wiley. It was then operated by her until some time early in June 1951 when it was converted into another type of business. The equipment is still in the building.

Although Mrs. Wiley says that she did not know of the installation of the equipment at the time, nevertheless she was in and about the tavern, and unquestionably must have known that it was installed.

After it was abandoned by Stewart, plaintiff made demand upon Mrs. Wiley for the return of the equipment, or to pay rental for it. She declined to pay the rental, and also declined to permit the plaintiff to remove it unless he returned the equipment which had been taken out of the building, which was her property and not the property of Stewart, who had entered into the agreement.

Defendant Wiley advised the plaintiff that the old equipment was good enough for her, was in good working condition, and that she did not expect to pay for the use of his device. Apparently demand for the property was made upon her on several occasions. The plaintiff at that time had the old equipment that was taken out of the building.

A meter is attached to the device, into which coins are placed, resulting in the automatic operation of the device. Mrs. Wiley notified the plaintiff to either take the meter off of the equipment, or she would break it off, and in response to that demand, the plaintiff sent one of his employees to the place of business and removed the meter. Apparently she continued to use the device thereafter without the insertion of the necessary coins. The coins that were in the meter were retained by defendant Wiley.

When this suit was filed, the defendant Wiley filed a counterclaim in which she alleged that the value of the equipment taken by the plaintiff was $1000.00, and asked judgment for that amount. On motion, the counterclaim was dismissed for lack of jurisdiction in this court.

■■ The use of the equipment by the defendants was an infringement of plaintiff's patent, for which they would be liable in damages. The defendants Beauchamp occupied the premises but a short period of time, and, of course, would not be liable for any damages prior to the time they occupied the premises, and subsequent to their abandonment of it. What that period of time was, I am unable to accurately determine from the evidence.

■ The plaintiff is entitled to the possession of his device. The legal question of ownership and restoration of the old equipment must be determined in another jurisdiction.

From the very beginning the plaintiff knew that the defendant Wiley was declining to pay rent on his device; that she refused to return it until he had returned her own property, and he could have obtained possession of it in a legal manner at any time he desired.

■ I think it would be inequitable to assess damages against the defendants for all of the period of time the device has been installed in the building, particularly in view of the fact that the plaintiff has waited three years in which to bring this suit. The sum of 75¢ was the daily rental value of the device.

The defendants should be enjoined from further use of the device, and plaintiff is allowed the sum of $1.00 damages for the infringement thereof.

The parties may submit appropriate order in accordance herewith.